UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEON UNDERWRITING, LTD., a/s/o Shediac Lobster Shop Ltd., and SHEDIAC LOBSTER SHOP, LTD., <br><br> Plaintiffs, <br><br> - v. - <br><br> PFS LOGISTICS, LLC; PREFERRED FREEZER SERVICES OF RAYNHAM, LLC; LINEAGE LOGISTICS, LLC as successor-in-interest of Preferred Freezer Services of Raynham, LLC; GLOBALTRANZ ENTERPRISES, INC.; and MD END GLOBAL, INC., <br><br> Defendants. | 20 Civ. (    ) <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiffs, Neon Underwriting, Ltd. ("Neon") and Shediac Lobster Shop, Ltd. ("Shediac"), by and through their undersigned attorneys, allege the following upon information and belief:

## INTRODUCTION

1. This is an action for breach of contract of interstate motor carriage arising from the non-delivery of 29,230 pounds (lbs.) of frozen raw lobster tail ("Cargo") owned by Shediac, insured by Neon, and tendered to PFS Logistics, LLC ("PFS Logistics"), Preferred Freezer Services of Raynham, LLC ("PFS Raynham"), GlobalTranz Enterprises, Inc. ("GlobalTranz"), and MD End Global, Inc. ("MD End") for interstate motor carriage from Raynham, Massachusetts to Chicago, Illinois.

## PARTIES

2. Shediac was and is a Canadian corporation with an office for the transaction of business at 261 Main Street, Shediac, NB, E4P 2A6.

3. Shediac owned the Cargo.

4. Neon was and is a corporation organized under the law of the United Kingdom with an office for the transaction of business at 20 Gracechurch Street, London, EC3V 0BG.

5. Neon insured the Cargo, paid Shediac's losses resulting from the incident detailed herein, and is thereby subrogated to Shediac's rights to the extent of that payment.

6. Shediac and Neon bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

7. At all relevant times, PFS Logistics was and is a New Jersey corporation with an office for the transaction of business at 200 Polar Way, Jersey City, New Jersey 07035.

8. At all relevant times, PFS Logistics was and is registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 1892497 and maintains shipping routes through the State of Illinois.

9. At all relevant times, PFS Raynham was a New Jersey corporation with an office for the transaction of business at 571 Paramount Drive, Raynham, Massachusetts 02767.

10. At all relevant times, PFS Raynham operated a cold storage warehouse in Raynham, Massachusetts, where the subject shipment of Cargo originated, and issued the PFS Bill of Lading discussed *infra*.

11. On information and belief, Lineage Logistics, LLC ("Lineage") acquired PFS Raynham in May 2019 and is, accordingly, said entity's successor-in-interest.

12. PFS Logistics, PFS Raynham, and Lineage will hereafter be collectively referred to as PFS.

13. GlobalTranz was and is an Arizona corporation with an office for the transaction of business at 7350 N. Dobson Road, Suite 130, Scottsdale, Arizona.

14. GlobalTranz was and is registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 2233025.

15. GlobalTranz was subcontracted to provide interstate motor carriage of the Cargo and maintains shipping routes through the State of Illinois.

16. MD End was and is an Illinois corporation with an office for the transaction of business at 2700 Patriot Boulevard, Suite 2525, Glenview, Illinois 60026.

17. MD End was and is registered with the United States Department of Transportation as an interstate motor carrier with U.S.D.O.T. number 3060502.

18. MD End was subcontracted to provide interstate motor carriage of the Cargo and maintains shipping routes through the State of Illinois.

**JURISDICTION & VENUE**

19. This action involves interstate transportation of goods by motor carrier. This Honorable Court has jurisdiction and venue is proper pursuant to 49 U.S.C. § 14706(d) (the "Carmack Amendment") and 28 U.S.C. § 1331 and 1337(a).

**BACKGROUND**

20. In January 2019, Shediac hired PFS to transport the Cargo from PFS Raynham's cold storage warehouse in Raynham, Massachusetts operated by PFS Raynham ("Raynham Warehouse") to a cold storage warehouse in Chicago, Illinois operated by non-party, Preferred Freezer Services of Chicago III, LLC ("Chicago Warehouse").

21. PFS issued Bill of Lading No. 4534500 ("PFS Bill of Lading") to cover the subject from the Raynham Warehouse to the Chicago Warehouse.

22. The PFS Bill of Lading names PFS Logistics as "Carrier" and was issued by PFS Raynham on its letterhead.

23. On or about 2 January 2019, PFS subcontracted the Cargo's carriage to GlobalTranz and entered a Rate Confirmation Agreement with GlobalTranz to cover the subject shipment.

24. The PFS-GlobalTranz Rate Confirmation names GlobalTranz as "Carrier".

25. Thereafter, GlobalTranz subcontracted the Cargo's carriage to MD End, an entity with which MD End maintained a Broker-Carrier Agreement.

26. GlobalTranz entered a Rate Confirmation Agreement with MD End, which named MD End as "Carrier".

27. On 4 January 2019, MD End – on its own behalf and on behalf of GlobalTranz and PFS – accepted 26 pallets of the Cargo, which was then in good order and condition, at the Raynham Warehouse, accepted the PFS Bill of Lading to cover the subject shipment, and agreed to carry the Cargo to the Chicago Warehouse on its own behalf as well as on behalf of GlobalTranz and PFS.

28. On 8 January 2019, MD End delivered only two and a partial pallet of the Cargo to the Chicago Warehouse.

29. The rest of the Cargo was never located nor delivered.

30. As a result of the non-delivery of the Cargo, Shediac sustained damaged, as nearly as can now be determined, in the amount of $534,382.50.

31. Shediac submitted a claim to Neon for its losses.

32. Neon paid Shediac $534,382.50 to settle its claim, less Shediac's deductible, and Neon thereby became subrogated to Shediac's rights to the extent of that payment.

33. Shediac retains uninsured losses in the amount of its deductible.

CAUSE OF ACTION AGAINST ALL DEFENDANTS –
BREACH OF CONTRACT OF MOTOR CARRIAGE
<u>GOVERNED BY THE CARMACK AMENDMENT</u>

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth at length herein.

35. As motor carriers of goods for hire (or the successor-in-interest thereof), Defendants were obligated by the Carmack Amendment, the terms of the PFS Bill of Lading, the PFS-GlobalTranz Rate Confirmation Agreement, and the GlobalTranz-MD End Rate

Confirmation Agreement to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by them.

36. Defendants breached those duties by failing to deliver the Cargo in the same good order and condition as when received by them.

37. As a direct and proximate cause of Defendants' breaches of their aforesaid duties, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $534,382.50.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in the sum of $534,382.50, plus interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demand a jury trial on all issues so triable.

Dated:  Chicago, Illinois  
        December 31, 2020

FRANCO MORONEY BUENIK, LLC  
*Attorneys for Plaintiffs*

By: *Andrew Bush*  
Andrew J. Bush  
500 West Madison Street, Suite 2440  
Chicago, Illinois 60661-2510  
Tel.: (312)-466-7265  
Email: Andrew.bush@francomoroney.com